IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-00081-RLV
(5:05-CR-00258-RLV-DSC-2)

| | |
|---|---|
| ROBERT JAMES CRISP, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se motion to vacate, set aside or correct sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 motion will be denied and dismissed.

I. BACKGROUND

Petitioner was convicted in this District following a jury trial of participation in a conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Petitioner was sentenced to a term of 168-months' imprisonment and he timely appealed to the United States Court of Appeals for the Fourth Circuit. (5:05-CR-00258, Doc. 208: Judgment). On appeal, Petitioner challenged the denial of his motion for a new trial; several rulings on evidentiary issues made during his trial; and the calculation of his Guidelines range during his sentencing hearing. The Circuit Court rejected each of Petitioner's arguments and affirmed his judgment. See United States v. Crisp, 460 F. App'x 216 (4th Cir. 2011) (unpublished), 132 S. Ct. 2705 (2012).

In this collateral proceeding, Petitioner raises a claim of ineffective assistance of counsel;

1

various challenges to the sufficiency of the evidence presented at trial; claims of constitutional violations, and a claim that he is actually innocent of any involvement in the drug conspiracy for which he was convicted. Petitioner's contentions will be examined below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Due Process Violations

Petitioner first contends that the Government violated his right to receive a fair trial by threatening and intimidating witnesses which resulted in the presentation of false and incriminating testimony. (5:13-CV-00081, Doc. No. 3: Petitioner's Corrected, Replacement Memorandum at 16-18).[1] Specifically, Petitioner asserts that the Government intentionally "suppressed the testimony of Kristy Laws by hiding her so that she could not be served with [Petitioner's] trial subpoena." Petitioner argues that Ms. Laws' testimony "would have destroyed the credibility of the government's star witness, [Investigator Eric Smith], by evidencing his immoral and illegal conduct . . ." (Id. at 18). The outcome of Petitioner's trial, as he maintains, would have been different because Ms. Laws' testimony would have demonstrated that he was

---

[1] Petitioner notes that this memorandum replaces his original memorandum, Doc. No. 1-1, in its entirety. (Id., Doc. No. 3 at 1).

2

actually innocent of the conduct charged in his Bill of Indictment.

Investigator Smith was formerly employed as a narcotics agent with the Caldwell County Sheriff's Department and he investigated the conduct which formed the basis for Petitioner's indictment and the indictment of several co-conspirators, all of whom pled guilty prior to Petitioner's trial. Investigator Smith did not testify at Petitioner's trial. See (5:05-CR-00258, Doc. No. 262: Presentence Report ("PSR") at 3). Petitioner alleges that Smith had a sexual relationship with Ms. Laws and that he impeded the service of a subpoena on Ms. Laws which was issued by Petitioner's counsel.

The substance of this argument was presented by Petitioner in his motion for a new trial. (5:05-CR-00258, Doc. No. 210: Motion for New Trial). The motion for a new trial was denied without an evidentiary hearing after the undersigned found that any of the alleged evidence Petitioner discovered after trial was relevant, if at all, only on the issue of impeachment and that such evidence would not have had any likely impact on the outcome of Petitioner's trial. (Id., Doc. No. 233: Order). On appeal, the Fourth Circuit affirmed the denial of the motion for a new trial.

It is well-settled that issues that have been decided adversely to a petitioner on direct appeal may not be renewed in a collateral proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."). Because this issue has already been resolved first, by this Court, and more importantly, by the Circuit Court on appeal, Petitioner is precluded from relitigating this issue.

B. Ineffective Assistance of Counsel

The Sixth Amendment of the U.S. Constitution provides that a defendant is entitled to the effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31(4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

Petitioner principally complains that his trial counsel failed to interview and prepare him

4

for his direct testimony at trial; failed to present favorable witnesses in his defense; and failed to adequately challenge the Government's evidence. (5:13-cv-00081, Doc. No. 3 at 19-22). A careful review of Petitioner's contentions here demonstrates that the arguments presented are merely conclusory and fail to alert this Court to any prejudice that could entitle Petitioner to relief. For instance, Petitioner blankly states that the lack of preparation was prejudicial because he did not know what questions might be asked of him during his testimony, but Petitioner fails to present any meaningful argument regarding how this lack of preparation prejudiced his defense. Likewise, Petitioner's contention that his counsel failed to call certain witnesses in his defense or challenge the Government's evidence is nothing short of an unwritten invitation for this Court to mine the record in an effort to find prejudice. However, as noted, it is Petitioner's burden to prove the existence of prejudicial actions or omissions of his trial counsel and he has simply failed to make any such showing. Accordingly, this claim will be denied.

        C.        Confrontation Clause Violations

Petitioner next argues that his right to confront a Government witness was violated because the witness, Ann Hamlin, who was a forensic chemist employed by the North Carolina State Bureau of Investigation ("SBI"), testified regarding the results of scientific testing for the presence of methamphetamine even though she did not personally perform the tests in question.[2] (5:13-CV-00081, Doc. No. 3 at 27). Petitioner has again failed to carry his burden of demonstrating any right to relief. This is especially so because the evidence presented by the

---

[2] Petitioner also weakly asserts that the SBI was "embroiled in a far-reaching scandal concerning its technicians . . ." This argument does not entitle Petitioner to relief because Petitioner offers no evidence that Ms. Hamlin was involved in any alleged scandal and the evidence from Petitioner's co-conspirators was more than sufficient to place him squarely within the conspiracy to distribute methamphetamine notwithstanding Ms. Hamlin's testimony. (5:13-CV-00081, Doc. No. 3 at 29).

5

Government – which consisted of extensive and damaging testimony from his co-conspirators – placed Petitioner comfortably in the middle of the drug conspiracy thus any potential error in allowing the testimony of Ms. Hamlin had no impact on the jury's verdict because the evidence of Petitioner's guilt was overwhelming and conclusively established. As the Fourth Circuit observed on appeal, "[m]ultiple witnesses testified to [Petitioner's] direct involvement in the manufacture of methamphetamine . . ." Crisp, 460 F. App'x at 218.

        D.        Sentencing Disparity

Petitioner contends that none of his co-defendants were subject to an enhancement for possession of a dangerous weapon during the conspiracy and that his sentence was otherwise disproportionate when compared with the sentences of his co-defendants. (5:13-CV-00081, Doc. No. 3 at 29). These argument are meritless.

Petitioner objected to the firearm enhancement after the draft of the presentence report was served upon him. In addressing this objection, the probation officer expressly found that the enhancement should apply because Petitioner was responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." (5:05-CR-00258: PSR at 19) (quoting USSG § 1B1.3). The evidence presented at trial demonstrated that Petitioner cooked methamphetamine on the property of Johnny Watson in an outbuilding which had a .22 caliber firearm hanging above the entrance. During sentencing, the Court rejected Petitioner's challenge to the firearm enhancement after finding by a preponderance of the evidence that the firearm was in plain view in the outbuilding, and that methamphetamine was cooked in the outbuilding while the gun was in plain view. (Id., Doc. No. 243: Sentencing Tr. at 8-9). Petitioner also challenged the firearm enhancement on appeal to no avail therefore

Petitioner is foreclosed from renewing this challenge in a collateral proceeding.

Petitioner next argues that his sentence far exceeded the sentences imposed on his co-defendants. This argument fails for the simple reason that each of his co-defendants pleaded guilty to the drug conspiracy and therefore they received a reduction in their Guideline range for acceptance of responsibility whereas Petitioner denied his guilt and exercised his constitutional right to a jury trial. Accordingly, following his conviction Petitioner necessarily faced a lengthier sentence because he could not receive a reduction in his Guidelines range because he did not admit his involvement in the drug conspiracy.

E. Actual Innocence

In his final claim, Petitioner argues that he is actually innocent of the conduct charged in his indictment because the Government never presented "any evidence except for the evidence presented by [Investigator Smith], the sole investigator, and his witnesses . . ." (5:13-CV-00081, Doc. No. 3 at 30-31). First, as previously noted, Investigator Smith did not testify or present any evidence or witnesses during Petitioner's trial. Secondly, Petitioner's argument is without merit because the evidence presented by the "witnesses" that Petitioner appears to complain about was provided by his co-defendants who each ably testified to Petitioner's significant involvement in the drug conspiracy.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner's § 2255 motion is without merit and it will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** Petitioner's § 2255 motion to vacate is **DENIED** and **DISMISSED with prejudice**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 28, 2015

*[Signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge